# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:19-CR-00033 |
| JOSHUA CONAWAY, | : |
| Defendant. | : |

## ORDER

The Court held a hearing on the United States Probation Office's Petition (Doc. 70) to revoke Defendant Joshua Conaway's supervised release. This Order memorializes that hearing. Previously, Conaway pleaded guilty to possession of a firearm by a convicted felon in violation of 18 USC §§ 922(g)(1) and 924(2). The Petition alleges nineteen violations of his supervised release. (Doc. 70 at 1-2).

At the hearing, Defense Counsel acknowledged that Conaway had been provided with a copy of the Petition for revocation and that Counsel had reviewed it with him. The Court advised Conaway of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify in his defense. Conaway was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Conaway acknowledged he understood. The Court also confirmed from Conaway that he had received the Petition and the Revocation Report (Doc. 80) and reviewed them. Conaway stated that he had spoken to Counsel and wished to stipulate to Violation Eight. Because Conaway stipulated to Violation Eight, the Government withdrew the allegations of Violation One, Two, Three, Four, Five, Six, Seven, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, and Nineteen. The Court also found that Conaway's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Even though Conaway stipulated and admitted to Violation Eight as alleged, the Court inquired into the underlying facts of Violation Eight, because the allegation was

conclusory in nature. The Defendant and Government acknowledged the underlying facts. The Court found that the underlying facts supporting the allegation were supported by sufficient indicia of reliability and that the violation in the Petition had been established by a preponderance of the evidence.[1] Once the violations had been established, the Court heard from the Government, Defense Counsel, and Defendant Conaway. Neither Conaway nor the Government objected to the Revocation Report. The Court then declared Conaway's supervised release revoked.

The Court determined Conaway's U.S. Sentencing Guidelines range to be 24 months based on Grade A violations, a criminal history category of VI, and the statutory maximum sentence. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced Conaway to twenty-four months. The Court found this sentence appropriate to reflect the seriousness of Conaway's conduct and to protect the public. Conaway's imprisonment shall be followed by no supervised release.

For these reasons, the Petition (Doc. 70) is **GRANTED**, and Conaway's supervised release is **REVOKED**. Defendant is sentenced to **twenty-four months**. After his release, he will have no term of supervised release.

**SO ORDERED**, this 23rd day of December 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).